UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO AMBROCIO GARCIA,<br><br>　　　　　　　　　　　Petitioner,<br><br>　v.<br><br>KRISTI NOEM, *et al.*,<br><br>　　　　　　　　　　　Respondents. | Case No. 25-cv-03319-BAS-DEB<br><br>**ORDER:**<br><br>**(1) REQUIRING THE GOVERNMENT TO RESPOND TO PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1);**<br><br>**(2) SETTING BRIEFING SCHEDULE ON MOTION FOR INJUNCTIVE RELIEF (ECF No. 2);**<br><br>**(3) PROVIDING NOTICE UNDER RULE 65(a)(2);**<br><br>**(4) SETTING HEARING ON PETITION AND MOTION FOR INJUNCTIVE RELIEF; AND**<br><br>**(5) GRANTING MOTION TO SEAL** |

Petitioner Jose Antonio Ambrocio Garcia filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In his Petition, Petitioner claims that he is being detained by Immigration and Customs Enforcement ("ICE") in violation of immigration regulations and *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id.*)

In addition, Petitioner filed a Motion for Temporary Restraining Order ("Motion for Injunctive Relief"). (ECF No. 2.) Petitioner asks the Court to order Respondents to: (1) immediately release Petitioner; (2) reinstate his deferral of removal order under the Convention Against Torture; and (3) provide Petitioner with notice and an opportunity to be heard before removing him to a third country. (*Id.*; Proposed Order.)

Having reviewed the Petition, the Court finds summary dismissal is unwarranted at this time. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false."). Therefore, the Court will order the Government to respond to the Petition.

Turning to the Motion for Injunctive Relief, the Court denies the *ex parte* request for a temporary restraining order. *See* Fed. R. Civ. P. 65(b). "While temporary restraining orders may be heard in true *ex parte* fashion (i.e., without notice to an opposing party), the Court will do so only in extraordinary circumstances. The Court's strong preference is for the opposing party to be served and afforded a reasonable opportunity to file an opposition." Standing Order for Civil Cases § 9; *see also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 438–39 (1974) (discussing *ex parte* temporary restraining orders and their "stringent restrictions"); *accord Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (same). Thus, the Court will instead consider the Motion for Injunctive Relief under Rule 65(a) and provide the Government with an opportunity to respond.

In addition, the Court provides notice to the parties that it intends to consolidate the Motion for Injunctive Relief with a determination on the merits under Rule 65(a)(2). *See* Fed. R. Civ. P. 65(a)(2); *see also Slidewaters LLC v. Wash. State Dep't of Lab. & Indus.*,

1  4 F.4th 747, 759 (9th Cir. 2021) (noting the court can invoke Rule 65(a)(2) by giving "clear
2  and unambiguous notice").

3        Finally, the Court finds it appropriate to seal the requested information.  A party
4  seeking to seal a judicial record bears the burden of overcoming the strong presumption of
5  access.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  The
6  showing required to meet this burden depends upon whether the documents to be sealed
7  relate to a motion that is "more than tangentially related to the merits of the case."  *Ctr. for*
8  *Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101 (9th Cir. 2016).  If the filing meets
9  this requirement, the "compelling reasons" standard applies.  *Id.*  Here, both the Petition
10 and Motion are "more than tangentially related to the merits of the case."  *See id.*  However,
11 the proposed redactions concern Petitioner's medical information, and the redactions are
12 narrowly tailored.  Therefore, the Court finds the compelling reasons standard is satisfied.

13       Accordingly, the Court **ORDERS** as follows:

14     1.   The Government must file a response to the Petition and the Motion for
15 Injunctive Relief no later than **December 8, 2025**.  The Government's response must
16 address the allegations in the Petition and must include any documents relevant to the
17 determination of the issues raised in the Petition.

18     2.   Petitioner may file a reply in support of his Petition and the Motion for
19 Injunctive Relief no later than **December 15, 2025**.

20     3.   The parties must appear in Courtroom 12B on **December 19, 2025**, at **1:30**
21 **p.m.** for a hearing on the Petition and the Motion for Injunctive Relief.

22     4.   The Court confirms appointment of Federal Defenders of San Diego, Inc., as
23 counsel for Petitioner under Chief Judge Order No. 134 (S.D. Cal. Nov. 18, 2025).

24     5.   The Court **GRANTS** the Motion to Seal.  The Clerk of Court shall <u>accept and</u>
25 <u>file under seal</u>: (1) the Motion to Seal; (2) the unredacted Petition; (3) the unredacted
26 Exhibits A and B to the Petition; and (4) the unredacted Motion for Injunctive Relief.

6. The Clerk of Court shall provide the Civil Division of the U.S. Attorney's Office with a copy of the Petition (ECF No. 1), the Motion for Injunctive Relief (ECF No. 2), the documents filed under seal, and this Order.

**IT IS SO ORDERED.**

**DATED: December 1, 2025**

*[signature]*

**Hon. Cynthia Bashant, Chief Judge
United States District Court**